IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRANDON MOTTON,<br><br>              Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., and<br>JANE DOE,<br><br>              Defendants. | Case No. 24-cv-00008-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Brandon Motton, an inmate of the Illinois Department of Corrections who is currently incarcerated at Robinson Correctional Center (Robinson), brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that began while at Pinckneyville Correctional Center (Pinckneyville) and continue now that he is at Robinson. Plaintiff seeks monetary damages and injunctive relief. This case is before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims and dismiss any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

### THE COMPLAINT

    Plaintiff asserts that on June 19, 2024, while at Pinckneyville, he began experiencing symptoms associated with a bowel obstruction, including nausea, lightheadedness, blurred vision. (Doc. 1, p. 6). Plaintiff states that he has previously had abdominal surgery, so he is familiar with

the symptoms. He submitted multiple requests to be seen at "sick call," but the healthcare unit administrator, Jane Doe, ignored his requests. He did not receive an appointment. Plaintiff asserts that Jane Doe is responsible for scheduling and all operations regarding prisoner access to the healthcare unit. (*Id.*).

Plaintiff alleges that the failure to be seen in a timely manner by the appropriate medical provider was also caused by the 3-tiered appointment process of Wexford Health Sources, Inc. (Wexford). Under the process:

> Prisoners must first submit a sick call request for nurse sick call…Access [to see a nurse]…takes days or weeks. Once a prisoner has been seen by a nurse, he must then resubmit another sick call request if his symptoms persist, where he will then be seen by a physician's assistant or a nurse practitioner. This process takes days or weeks. Then, should the prisoner's symptoms continue to persist, he must then resubmit yet another sick call slip in order to be seen by a doctor. This process takes days or weeks longer."

(Doc. 1, p. 6). Because of this lengthy process and Jane Doe ignoring the serious content of Plaintiff's sick call requests, he was not called to the healthcare unit. (*Id.*).

By July 15, 2024, Plaintiff's symptoms had greatly increased. (Doc. 1, p. 6). He was throwing up blood and experiencing abdominal pain. Plaintiff was so ill that he was taken to Pinckneyville Hospital, where he was diagnosed with a bowel obstruction. Plaintiff states that the hospital was not "equipped to deal with a life-threatening medical emergency" and so he was then transferred to Mercy Hospital in St. Louis, Missouri. (*Id.*).

Plaintiff asserts that the staff at Mercy Hospital refused to perform surgery. (Doc. 1, p. 7). He claims that the medical providers at the hospital found that performing the surgery was too high risk, and the delayed care he received at Pinckneyville had exacerbated and elevated his risks. Plaintiff remained at the hospital for three days until he was deemed stable enough to be transported back to Pinckneyville on July 18, 2024. (*Id.*).

The following day, July 19, 2024, Plaintiff was taken to Carbondale Community Hospital. (Doc. 1, p. 7). Again, he was diagnosed with a bowel obstruction and emergency surgery was recommended. Plaintiff was transported back to Mercy Hospital in St. Louis. Once at Mercy, the medical staff refused to perform the high-risk surgery, "as they were unwilling to accept liability for the defendants' deliberate indifference." (*Id.*).

Plaintiff returned to Pinckneyville, and on July 20, 2024, he was placed in a backroom of the healthcare unit at the direction of Jane Doe. (Doc. 1, p. 7). He was denied treatment and "left to die." When he would notify nursing staff that he was vomiting blood, there was blood in his stool, and he was experiencing severe abdominal pain, the nursing staff would tell him to "shut up" and "stop complaining." Plaintiff states that his medical needs continued to be ignored by Jane Doe, and he could not be seen by the proper medical provider due to the 3-tiered appointment process. He states that he still has not received the needed surgery. (*Id.* at p. 7-8).

Based on the allegations in the Complaint, the Court will designate the following count:

**Count 1:**   Eighth Amendment deliberate indifference claim against Jane Doe and Wexford.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

### DISCUSSION

Plaintiff has sufficiently stated an Eighth Amendment claim against the healthcare unit administrator at Pinckneyville, Jane Doe, and Wexford for delaying and/or denying him medical care for his bowel obstruction and associated symptoms.

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

John Barwick, the warden of Pinckneyville Correctional Center, will be added as a defendant to this case in his official capacity only for purposes of identifying the Jane Doe Defendant. Once identified, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### INJUNCTIVE RELIEF

Liberally construing the Complaint, Plaintiff appears to be claiming that his medical needs continue to be ignored while at Robinson and treatment for his obstructed bowel denied due to Wexford's scheduling policy. He requests injunctive relief in the form of surgery. (Doc. 1, p. 7-8). Because he has not been given surgery that was considered urgent and recommended by outside hospital staff and the relief he is seeking can be considered both immediate and permanent, the Court will construe his Complaint as also a motion for a preliminary injunction. The Clerk of Court is **DIRECTED** to rename the pleading at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction filed by Brandon Motton. The Court will defer ruling on the motion.

The Clerk of Court is **DIRECTED** to **ADD** Chad Jennings, the warden of Robinson Correctional Center, as a defendant in his official capacity for the purpose of responding to and implementing the request for injunctive relief. Defendant Jennings and Wexford are **ORDERED** to respond to the motion within 14 days of service. **The responses SHALL include information on Plaintiff's current condition and medical care.**

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. Count 1 will proceed against Wexford and Jane Doe. The Clerk of Court shall **ADD** Chad Jennings, the warden Robinson Correctional Center, as a defendant in his official

capacity only for the purpose of responding to and implementing any injunctive relief that may be ordered.

The Clerk of Court is also **DIRECTED** to **ADD** as a defendant John Barwick, the warden of Pinckneyville Correctional Center, in his official capacity only for the purpose of identifying the Jane Doe Defendant.

The Clerk of Court is **DIRECTED** to **RENAME** the pleading at Doc. 1 as follows: Complaint and Motion for Preliminary Injunction filed by Brandon Motton. The Court **DEFERS** ruling on the request for preliminary injunction. **Defendants Wexford and Jennings shall respond to the request for a preliminary injunction within 14 days of service. The responses SHALL include information on Plaintiff's current condition and medical care.**

The Clerk is further **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Wexford, Jane Doe (once identified), Barwick, and Jennings the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendants' place of employment. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

With the exception of Defendant Barwick, Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 8, 2025**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.